UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


RAYMOND ANDERSON, JR.                         CIVIL ACTION


VERSUS                                        NO: 06-4002


MONSANTO COMPANY                              SECTION: J(5)



**ORDER AND REASONS**

Before the Court is **Defendant's Motion for Summary Judgment (Rec. Doc. 12).** This motion, which was opposed, was set for hearing on November 22, 2006 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that this motion for summary judgment should be granted.

**Background**

Plaintiff Raymond Anderson, Jr., who is an Africa-American, began work with Monsanto in February of 2000.  While at Monsanto, Plaintiff worked in several different departments under several different supervisors.   He was disciplined on a number of occasions for various violations of company policy. In August of 2004 for approximately two months, Plaintiff was supervised by Bryant Andrus ("Andrus").  In his deposition, Plaintiff testified that he and Andrus had "some confrontations." (See Exhibit A to Defendant's motion for summary judgment, p. 34).  Andrus reported Plaintiff to human resources for sleeping on the job, which

resulted in Plaintiff receiving a written expectation letter.
(See Exhibit A to Defendant's motion for summary judgment, pp.
34-35).  Plaintiff testified that he had no problem with the
expectation letter and understood that the company was merely
trying to tell him what he was "supposed to be doing."  (See
Exhibit A to Defendant's motion for summary judgment, p.  35).
Monsanto acknowledges that during the counseling session
Plaintiff received for sleeping on the job in July of 2004,
Plaintiff informed Human Resources Generalist James Smith that
his co-workers had told him that "Andrus was a racist." (Exhibit
C to Plaintiff's opposition).  In his first deposition, Plaintiff
testified that he had no other problems with Andrus, other then
"his attitude." (See Exhibit A to Defendant's motion for summary
judgment, p. 35).

Plaintiff worked under Andrus again in 2005 and he, again,
claims to have had problems with Andrus.  Andrus and Plaintiff
were called to Human Resources over an incident wherein Plaintiff
claims Andrus shared information from evaluations executed by
Plaintiff with other employees.  (See Exhibit A to Defendant's
motion for summary judgment, pp. 36-37).  Plaintiff claims Andrus
was verbally reprimanded.  (See Exhibit A to Defendant's motion
for summary judgment, pp. 36-37).  Also, Plaintiff and several
other black co-workers met with Supervisor Ralph Zamora and
Business Unit Leader Marcelle Pires concerning Andrus's behavior.

(Exhibit D to Plaintiff's Opposition, p. 88).   Pires testified that Plaintiff and the others told Zamora that Andrus was a "racist."  (Exhibit D to Plaintiff's Opposition, p. 88). Plaintiff also claims that in June of 2005, Andrus told Plaintiff to "take [his] ass up front" because Andrus wanted work done and he was not satisfied with the way Plaintiff was doing it.  (See Exhibit A to Defendant's motion for summary judgment, p. 39). Plaintiff complained to Human Resources.    (See Exhibit A to Defendant's motion for summary judgment, p. 37).

     In January of 2006, Plaintiff received a summons for jury duty, which he showed to Supervisor Zamora.  Plaintiff testified that Zamora explained that there was no problem with Plaintiff reporting for jury duty.  (See Exhibit A to Defendant's motion for summary judgment, p. 63).  Plaintiff specifically did not ask any questions about the company's jury duty policy.    (See Exhibit A to Defendant's motion for summary judgment, pp. 68-69). At the time of his hire, Plaintiff was provided and acknowledges receipt of Monsanto's guidelines for employee conduct.  (See Exhibit A to Defendant's motion for summary judgment, pp. 23-24). Plaintiff admits that he understood the guidelines for employee conduct. (See Exhibit A to Defendant's motion for summary judgment, p. 25).  He attended a meeting wherein he was instructed as to Monsanto's company policies.  Plaintiff was also aware that Monsanto maintained its employee polices online.  (See

3

Exhibit A to Defendant's motion for summary judgment, p. 26).

Plaintiff claims that he was not given a specific policy on jury

duty and was not instructed on Monsanto's jury duty policy.  (See

Exhibit A to Defendant's motion for summary judgment, p. 128).

Specifically, Monsanto's jury duty policy provided, in pertinent

part:

> An employee on 12-hour shift selected for jury
> duty will receive pay for regular scheduled hours
> up to a maximum of 40 hours per week.  Employees
> scheduled for night shift and released from jury
> duty before 12:00 noon will be required to report
> to work at the beginning of the night shift.
> Employees scheduled to work the day shift and
> released from jury duty before 12:00 noon will be
> required to report to work to finish the shift.
> Employees scheduled to work the day shift and
> released from jury duty after noon will be excused
> from work and receive 12 hours pay.

(See Exhibit B to Plaintiff's opposition).

Plaintiff was scheduled to work a 12-hour shift from 4:00

a.m. to 4:00 p.m. on the day he was scheduled for jury duty,

January 23, 2006.  (See Exhibit A to Defendant's motion for

summary judgment, pp. 63-64).  Plaintiff's jury duty subpoena

stated, "Events may occur whereby a Jury will not be needed.

Please call 497-8209 after 4:30 P.M., (Not earlier)."   (See

Exhibit A to Defendant's motion for summary judgment, Depo.

Exhibit 7).  Plaintiff did not call the Court to find out if jury

duty was cancelled.   (See Exhibit A to Defendant's motion for

summary judgment, p. 73-74).  When Plaintiff reached the

courthouse at approximately 10:00 a.m., a sign on the door
indicated that jury duty had been cancelled.  (See Exhibit A to
Defendant's motion for summary judgment, p. 86).  Plaintiff left
the courthouse at approximately 10:20 or 10:25 a.m. and went
home, assuming he was done with work for the day.  (See Exhibit A
to Defendant's motion for summary judgment, pp. 87-88).  Thus,
even though Plaintiff knew he was scheduled to work until 4:00
p.m. that day, he returned home where he watched television and
listened to gospel music.  (See Exhibit A to Defendant's motion
for summary judgment, pp. 87, 92-93).

     Meanwhile at work, Andrus called the Court after 9:00 a.m.
and was informed that jury duty had been cancelled.  (See Exhibit
B to Defendant's motion for summary judgment, pp. 29-31).  Andrus
assumed Plaintiff was on his way to work.  (See Exhibit B to
Defendant's motion for summary judgment, p. 32).  Near the end of
the day, after Plaintiff never reported for work, Andrus called
Human Resources and reported the potential issue concerning
Plaintiff's failure to follow the Company's jury duty policy.
(See Exhibit B to Defendant's motion for summary judgment, p.
34).  The next day Plaintiff reported to work on time, but left
after three hours because his nephew passed away.  (See Exhibit A
to Defendant's motion for summary judgment, p. 95).  Plaintiff
took a few days off because of his nephew's death.  (See Exhibit
A to Defendant's motion for summary judgment, p. 63).  Plaintiff

called in to work the day after his nephew's death and asked

Andrus to enter his time for him.  Andrus claims Plaintiff asked

him to enter twelve hours for jury duty on January 23, 2006.

(See Exhibit B to Defendant's motion for summary judgment, Depo.

Exhibit 2).  Plaintiff claims he did instruct Andrus to enter

"jury duty" Monday, but did not say twelve hours.  (See Exhibit A

to Defendant's motion for summary judgment, pp. 99-100).

Plaintiff admits that he did not tell Andrus that jury duty had

been cancelled.  (See Exhibit A to Defendant's motion for summary

judgment, pp. 99-100).

When Plaintiff returned to work after taking time off for

the death of his nephew, Andrus and Zamora met with Plaintiff.

(See Exhibit A to Defendant's motion for summary judgment, pp.

104-05).  Zamora questioned Plaintiff about where he was on

January 23, 2006.  (See Exhibit A to Defendant's motion for

summary judgment, pp. 105-106).  Plaintiff explained that he had

jury duty.  When prompted whether jury duty had been cancelled,

Plaintiff admitted that it had been cancelled.  (See Exhibit A to

Defendant's motion for summary judgment, p. 106).  Plaintiff was

then sent home because he had violated the company's jury duty

policy.  (See Exhibit A to Defendant's motion for summary

judgment, p. 106.; Exhibit C to Defendant's motion for summary

judgment, p. 24).  Thereafter, Zamora and Pires made the decision

to terminate Plaintiff.  (See Exhibit C to Defendant's motion

for summary judgment, p. 64-66).  The next time Plaintiff

reported to work, Andrus and others gave him a letter of

termination and told him he was terminated for reasons set forth

in the letter.  (See Exhibit A to Defendant's motion for summary

judgment, pp. 112-113; Exhibit B to Defendant's motion for

summary judgment, Depo. Exhibit 4).  The termination letter

stated in pertinent part:

> You stated you attended jury duty on that date and
> when asked you requested that we enter this time
> away from work as "jury duty."  However, when
> questioned, you admitted that jury duty was
> cancelled, which indicates falsification of your
> work time.  Monsanto's Procedure Number C-4
> requires that you report to work after jury duty.
>
> Your behavior in regard to this incident is
> unacceptable.  In addition, you have received two
> previous HR letters in your file.  Therefore, your
> total work history is unsatisfactory.

(See Exhibit B to Defendant's motion for summary judgment, Depo.

Exhibit 4).

### The Parties' Arguments

Monsanto claims that based on the facts, Plaintiff cannot

establish a violation of the jury duty statute, La. R.S. 23:965.

Monsanto asserts that Plaintiff was discharged because he did not

report to work after jury duty was cancelled - not because he

served jury duty.  Monsanto argues that its jury duty policy is a

reasonable one; however, Plaintiff unreasonably failed to report

for work when he learned that jury duty was cancelled that

morning.   Monsanto claims that Plaintiff was an at-will employee
and was well within its rights to terminate him for violating a
company policy.   No evidence indicates that Plaintiff was
terminated because he was called for jury duty.   So, Monsanto
claims it is entitled to summary judgment in its favor.

Next, Monsanto claims that Plaintiff cannot establish race
discrimination in violation of 42 U.S.C. § 1981.   Monsanto
asserts that Plaintiff's petition fails to plead the existence of
an employment contract, and his status as an at-will employee
precludes him from asserting a claim that relies on an employment
contract - as required by section 1981. Monsanto further claims
that under McDonnell Douglas v. Green, 411 U.S. 792 (1973),
Plaintiff has stated a prima facie case, but it has articulated a
legitimate, non-discriminatory reason for terminating Plaintiff -
overall unsatisfactory job performance, including his failure to
report to work after jury duty was cancelled, in violation of
Monsanto's jury duty policy.  Monsanto notes that even though
Plaintiff claims Andrus manipulated his time report with respect
to jury duty to cause his termination, he does not allege any
evidence to support his assertion that he was terminated because
of his race.  Monsanto also notes that although Andrus reported
Plaintiff's conduct, he was not one of the decision-makers who
determined that Plaintiff should be terminated.    Monsanto

argues that Plaintiff's assertions are mere conclusory and unsubstantiated allegations.  Monsanto claims it is entitled to summary judgment on this claim as well.

In opposition, Plaintiff asserts that Monsanto's jury duty policy was never effectively communicated to Plaintiff. Plaintiff asserts that the fact that the company policies were available for viewing on the company's intranet does not mean that adequate notice was given to Plaintiff - because Plaintiff could only access the intranet from work.  Plaintiff claims that Zamora did not instruct him that the company had a policy on jury duty when he showed him the jury duty summons.  Thus, Plaintiff claims there is an issue of material fact as to whether he knew or should have known that Monsanto had a jury duty policy.

Next, Plaintiff claims that the policy is unreasonable because it does not afford each employee a full day off for jury duty.  Plaintiff cites the Louisiana statute that states that an employee must be provided "up to a full day" for jury duty. Essentially, Plaintiff claims Monsanto's jury duty policy is "unreasonable" and in violation of the Louisiana jury duty statute.

Plaintiff also claims that whether Monsanto's jury duty policy was manipulated by Andrus and applied illegally to terminate Plaintiff's employment is a disputed issue of material fact.  Plaintiff asserts that whether Andrus's actions were

racially motivated is a disputed issue of fact that should be allowed to go to a jury.  Plaintiff asserts that even though Andrus never used the 'n" word, the law only requires that race be a motivating factor.  Plaintiff also asserts that three Black fact witnesses have testified in deposition that Andrus's "racist attitude" has been a problem.  To date, the Court has not been furnished with the transcripts of these depositions, and therefore, cannot verify their accuracy.

## Discussion

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper once the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; 2552. While the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, once that is satisfied, the burden shifts to the non-movant, who must then come forward with specific facts to show that there is a genuine issue for trial. Little v. Liquid Air Corp., 37 F.3d

1069, 1075 (5th Cir.1994) ( en banc ) (citing <u>Celotex</u>, 477 U.S. at 325, 106 S.Ct. at 2553-54).

The party opposing summary judgment and who bears the burden of proof at trial must then go beyond the pleadings and by affidavits or depositions, answers and admissions in the record, designate specific facts showing the existence of a genuine issue for trial. <u>Celotex</u>, 477 U.S. at 322, 106 S.Ct. at 2253. "Neither conclusory allegations nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." <u>Wallace v. Texas Tech University</u>, 80 F .3d 1042, 1047 (5th Cir.1996).

<u>The Jury Duty Claim</u>:

Louisiana Revised Statute 23:965 provides, in pertinent part:

> A. (1) No employer shall discharge or otherwise
> subject to any adverse employment action, without
> cause, any employee called to serve or presently
> serving any jury duty and no employer shall make,
> adopt, or enforce any rule, regulation, or policy
> providing for the discharge of any employee who
> has been called to serve, or who is presently
> serving on, any grand jury or on any jury at any
> criminal or civil trial, provided the employee
> notifies his or her employer of such summons
> within a reasonable period of time after receipt
> of a summons and prior to his or her appearance
> for jury duty.
>
>    . . . .
>
> B. (1) Any person who is regularly employed in the
> state of Louisiana shall, upon call or subpoena to
> serve on a state petit or grand jury, or central
> jury pool, be granted a leave of absence by his
> employer, of up to one day, for that period of
> time required for such jury duty. Such leave of

> absence shall be granted without loss of wages, or
> sick, emergency, or personal leave or any other
> benefit.
>
>    . . . .

La. R.S. 23:965.   Monsanto's policy stated that an employee on

12-hour shift selected for jury duty would receive pay for

regular scheduled hours up to a maximum of 40 hours per week.   It

also stated that employees, like Plaintiff, who were scheduled to

work the day shift and released from jury duty before 12:00 noon

had to report to work to finish the shift. Thus, employees

scheduled to work the day shift and released from jury duty after

noon were excused from work and received 12 hours pay.   (See

Exhibit B to Plaintiff's opposition).   This policy does not

violate La. R.S. 23:965, which only requires that an employee be

allowed "*up to one full day*" for jury duty service.   Because jury

duty was cancelled and Plaintiff learned this that morning - well

before noon - it was not unreasonable for Monsanto to require

Plaintiff to report to work to finish his shift.   Summary

judgment should be granted on this claim.

The Section 1981 Claim:

    Plaintiff brings his race discrimination suit pursuant to 42

U.S.C. section 1981 . A section 1981 action requires the same

proof to establish liability as required by Title VII actions.

Bunch v. Bullard, 795 F.2d 384, 387 n. 1 (5th Cir.1986).   When a

plaintiff alleges that his employer has discriminated against him

based on his race, the plaintiff must first present to the court

a prima facie case of discrimination.  <u>McDonnell Douglas Corp. v.</u>

<u>Green</u>, 411 U.S. 792, 802,  93 S.Ct. 1817 (1973).  A plaintiff

presents a prima facie case of discrimination by showing that he

(1) is a member of a protected class; (2) was qualified to hold

the position of his employment; (3) was discharged or subject to

an adverse employment action; and (4) was replaced by someone who

is not a member of that protected class. <u>Norris v. Hartmarx</u>

<u>Specialty Stores, Inc.</u>, 913 F.2d 253, 254 (5th Cir.1990) (citing

<u>McDonnell Douglas</u>, 411 U.S. at 802, 93 S.Ct. at 1824; <u>Texas Dept.</u>

<u>of Comm. Affairs v. Burdine</u>, 450 U.S. 248, 254 n. 6, 101 S.Ct.

1089, 1094 n. 6 (1981)).

    If the plaintiff satisfactorily presents his prima facie

case, the burden then shifts to the defendant employer to provide

a "legitimate, nondiscriminatory reason" for its action against

the plaintiff.  <u>McDonnell Douglas</u>, 411 U.S. at 802, 93 S.Ct. at

1824.  If the employer offers a valid reason, the burden swings

back to the plaintiff, and the plaintiff then has an opportunity

to rebut this proffered reason with evidence that the employer's

reason is merely a "pretext for discrimination." <u>Burdine</u>, 450

U.S. at 253, 101 S.Ct. at 1093.

    In the instant case, Monsanto acknowledges that Plaintiff

has established the required prongs of the prima facie case.

Thus, the burden shifts to Monsanto to provide a rational,

nondiscriminatory reason for Plaintiff's termination. This Court finds that Monsanto has carried this burden.  It has shown that Plaintiff was terminated for overall unsatisfactory job performance, including his failure to report to work after jury duty was cancelled, in violation of Monsanto's jury duty policy. Plaintiff had been disciplined before, which was evidenced by notices of discipline in his file.  It was Plaintiff's overall unsatisfactory job performance, coupled with his failure to follow Monsanto's jury duty policy, that resulted in Plaintiff's termination.

     Plaintiff should have known about Monsanto's jury duty policy; his assertions that he did not know about it do not create a genuine issue of material fact sufficient to preclude entry of summary judgment on this claim. At the time of his hire, Plaintiff was provided and acknowledges receipt of Monsanto's guidelines for employee conduct.  (See Exhibit A to Defendant's motion for summary judgment, pp. 23-24).  Plaintiff admits that he understood the guidelines for employee conduct. (See Exhibit A to Defendant's motion for summary judgment, p. 25).  He attended a meeting wherein he was instructed as to Monsanto's company policies.  Plaintiff was also aware that Monsanto maintained its employee polices online.  (See Exhibit A to Defendant's motion for summary judgment, p. 26).  Thus, Plaintiff had full access to Monsanto's jury duty policy and should have been aware that such

14

a policy existed.  In addition, if Plaintiff had simply called to

inquire about the status of his jury notice the evening before,

as he was instructed to do, he would have known that his jury

duty had been cancelled, and would not have missed any work.

Because Monsanto has provided a nondiscriminatory reason for

terminating Plaintiff, Plaintiff now has to point to evidence

that creates a genuine issue of fact demonstrating the pretext

behind his employer's reasoning.  Plaintiff has failed to carry

his burden of proof.  He did not introduce any specific evidence

that Andrus discriminated against him based on his race - other

than mere conclusory allegations, which are not enough to defeat

summary judgment.  In a conclusory fashion, Plaintiff asserts

that Andrus manipulated his time report with respect to jury duty

in order to cause his termination because of his race,  This

argument is not persuasive for several reasons.  First, this

assertion is not supported by evidence.  Second, Plaintiff admits

that he told Andrus to put down "jury duty" on the time sheet for

the day he was called to serve - knowing full well that it had

actually been cancelled that day.  Three, Plaintiff admits that

he was disciplined on several occasions for various violations of

company policy.  Fourth, and perhaps most importantly, although

Andrus reported Plaintiff for his jury duty policy violation,  it

was Zamora and Pires who made the decision to terminate him.

(See Exhibit C to Defendant's motion for summary judgment, p.

64-66).   There is no evidence to indicate that this decision was racially motivated and Monsanto should be granted summary judgment on this claim as well.   Accordingly,

   **IT IS ORDERED** that **Defendant's Motion for Summary Judgment (Rec. Doc. 12)** should be and is hereby **GRANTED.**

   New Orleans, Louisiana this the 5th day of December, 2006.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

**16**